Theodore J. Hartl, #7-5623
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, CO 80202
Telephone: (303) 292-2400
Facsimile: (303) 296-3956
Email: hartlt@ballardspahr.com

Brian W. LaCorte (*pro hac vice* forthcoming)
lacorteb@ballardspahr.com
Jonathon A. Talcott (*pro hac vice* forthcoming)
talcottj@ballardspahr.com
Andrew M. Hensley (*pro hac vice* forthcoming)
hensleyd@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004
Telephone: 602.798.5400
Fax: 602.798.5595

*Attorneys for Plaintiff The Reinalt-Thomas Corp*.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| THE REINALT-THOMAS CORPORATION d/b/a DISCOUNT TIRE, <br><br> Plaintiff, <br><br> v. <br><br> KLINGAIR, LLC d/b/a DISCOUNT TIRE & SERVICE, <br><br> Defendant. | Civil Action No. _____ <br><br><br> **JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

The Reinalt-Thomas Corporation d/b/a Discount Tire ("Plaintiff"), for its Complaint

against Klingair, LLC d/b/a Discount Tire & Service ("Defendant"), alleges as follows:

## NATURE OF THE ACTION AND BACKGROUND

1.      This case concerns the infringement of Plaintiff's prominent trademark, DISCOUNT TIRE.

2.      Plaintiff operates the largest independent tire and wheel retail chain in the nation under the mark DISCOUNT TIRE, with over 1,100 stores in 38 states.  Since 1960, Plaintiff has developed enormous goodwill around the DISCOUNT TIRE mark in various forms, obtaining federal trademark registrations dating back to 1985, including standard character and design mark registrations under U.S. Reg. Nos. 1,319,968, 2,597,123, and 4,639,389.  As described more fully below, Plaintiff's over fifty years of using the standard character mark DISCOUNT TIRE and associated logo  (collectively herein "the DISCOUNT TIRE marks") has provided Plaintiff substantial federal and common law rights in Wyoming and throughout the United States.

3.      Indeed, Plaintiff's market presence in the Mountain West is robust, with over 200 DISCOUNT TIRE stores serving consumers across Wyoming, Colorado, Arizona, Idaho, Montana, New Mexico, Nevada, and Utah.

4.      Consumers throughout the U.S.—and certainly in Wyoming and the Mountain West—have come to know and trust the goods and services offered by Plaintiff under the DISCOUNT TIRE marks.

5.      Defendant, on the other hand, operates five stores in Wyoming and Colorado under the confusingly similar name "Discount Tire & Service."

6.     Plaintiff's national rights to DISCOUNT TIRE long pre-dated Defendant's entry into the market. Plaintiff enjoyed substantial federal and common law rights specifically in Wyoming and Colorado before Defendant entered those markets.

7.     Plaintiff's presence nationally and in the Wyoming and Colorado markets was of no mystery to Defendant; Plaintiff was widely known to those businesses in the retail tire segment.

8.     Nevertheless, Defendant knowingly and intentionally entered geographic territories, including Wyoming, where Plaintiff and its DISCOUNT TIRE marks were already well established, and with the intent of trading on the goodwill embodied in the DISCOUNT TIRE marks.

9.     Defendant seeks to confuse consumers into believing Defendant's "Discount Tire & Service" stores are affiliated or connected with Plaintiff's DISCOUNT TIRE stores – when they are not.

10.     Defendant's strategy to mislead and confuse consumers in the Mountain West has proven successful.  Plaintiff recently has encountered and documented numerous instances of actual consumer confusion arising from Defendant's use of its confusingly similar trademark in Wyoming and elsewhere.

11.     Defendant's use of the confusingly similar mark "Discount Tire & Service" is certainly likely to confuse consumers into believing Defendant is affiliated or connected with Plaintiff's DISCOUNT TIRE stores.

12.     Defendant's use of "Discount Tire & Service" is also likely to dilute Plaintiff's famous DISCOUNT TIRE marks by tarnishing and diminishing the capacity of Plaintiff's DISCOUNT TIRE marks to identify and distinguish Plaintiff's goods and services from those of others.

13.     In an effort to protect the public from ongoing confusion and deception, and to prevent the further dilution of Plaintiff's valuable trademarks, Plaintiff brings this action to prevent Defendant from using the "Discount Tire & Service" mark in violation of Plaintiff's trademark rights.

14.     Plaintiff also seeks monetary damages and—because Defendant's conduct is willful, wanton, and in total disregard of Plaintiff's prior trademark rights—punitive damages and attorneys' fees.

### **PARTIES**

15.     Plaintiff, which does business under the name Discount Tire, is a Michigan corporation with its principal place of business in Scottsdale, Arizona.  At all relevant times, Plaintiff has been the exclusive licensee or, more recently, the owner of all federal, state, and common law rights in and to the DISCOUNT TIRE marks.

16.     Defendant is a Colorado limited liability company with operations in Wyoming, with its principal place of business at 120 18th Street, Greeley, Colorado 80631.

4

## **JURISDICTION AND VENUE**

17.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121 and 1125 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

18.     This Court has supplemental jurisdiction over the state law claims asserted herein, pursuant to 28 U.S.C. § 1367(a).

19.     This Court has personal jurisdiction over Defendant because it is present in Wyoming—operating a tire store in the state—and, alternatively, under Wyo. Stat. § 5-1-107 because Defendant transacts business within Wyoming and Plaintiff's claims arise in substantial part from Defendant's acts and omissions in connection with Defendant's business transactions in Wyoming.

20.     Specifically, Defendant operates a "Discount Tire & Service" store in this District. Plaintiff's claims for trademark infringement and unfair competition, among other claims, arise from Defendant's operation of and advertisements related to its "Discount Tire & Service" stores in Wyoming and elsewhere.

21.     This Court also has personal jurisdiction over Defendant under Wyo. Stat. § 5-1-107 because Defendant has committed tortious acts in Wyoming and Plaintiff's claims arise from Defendant's commission of those tortious acts. Specifically, Defendant infringes and dilutes Plaintiff's famous trademarks in Wyoming and elsewhere.

22.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b)–(d) because Defendant is subject to personal jurisdiction in this district and a substantial portion of the events or omissions giving rise to this claim occurred in this district.

**FACTUAL ALLEGATIONS**

**A.      The "DISCOUNT TIRE" Trademarks are Famous and Distinctive**

23.     Plaintiff is one of this country's great business success stories.

24.     In 1960, the founder of Plaintiff, Mr. Bruce Halle, started his business as "Discount Tire," a one-man operation with a single storefront in Michigan and an inventory of six tires (four of which were retreads).

25.     Today, Plaintiff employs more than 22,000 people and operates over 1,100 DISCOUNT TIRE stores in thirty-eight (38) states, including over 200 stores in the Mountain West states of Wyoming, Colorado, Arizona, Idaho, Montana, Nevada, New Mexico, and Utah.

26.     Plaintiff has promoted the word mark DISCOUNT TIRE without any associated design elements. Since at least as early as 1975, Plaintiff also has simultaneously used continuously and widely its stylized trademark for the following distinctive logo:



6

27.     Additionally, Plaintiff has used the related DISCOUNT TIRE DIRECT mark widely and continuously since at least 1994 to promote online sales of tires and wheels and to promote its retail stores.

28.     Over the past sixty-three (63) years, Plaintiff has spent well over a billion dollars promoting its DISCOUNT TIRE marks in association with its tire and wheel business nationwide.

29.     Since 1995, Plaintiff has used the Internet, including its e-commerce platforms at www.discounttire.com and www.discounttiredirect.com, to promote its DISCOUNT TIRE marks in connection with the sale of tires, wheels, and related services.

30.     Through its use of the DISCOUNT TIRE marks in all manner of retail and online promotion, advertising, sponsorships, and marketing, Plaintiff has achieved billions of dollars in retail sales and acquired distinctiveness and secondary meaning.

31.     Given Plaintiff's long-term and continuous use, the DISCOUNT TIRE marks are famous and widely recognized by the general consuming public in Wyoming, Colorado, and elsewhere as a source of Plaintiff's stores and related services.

**B.      The "DISCOUNT TIRE" Federal Registrations**

32.     On February 13, 1981, Plaintiff's late owner and founder, Mr. Bruce Halle, filed an application for federal registration of the mark DISCOUNT TIRE CO. INC. with a stylized design in the United States Patent and Trademark Office ("USPTO"), claiming first use in commerce at least as early as April 29, 1975.

33.     The USPTO issued a registration for that mark on February 12, 1985, in connection with "retail auto and light truck tire store services" (U.S. Reg. No. 1,319,968). This registration was later amended in 2008 to reflect Plaintiff's use of the mark as simply a stylized DISCOUNT TIRE:



A true and correct copy of U.S. Reg. No. 1,319,968 is attached as **Exhibit 1**.

34.     The stylized DISCOUNT TIRE mark registration is incontestable under Lanham Act § 15, 15 U.S.C. § 1065.

35.     On September 18, 2000, Mr. Halle filed an application for federal registration of DISCOUNT TIRE DIRECT, claiming first use in commerce on May 2, 1994.

36.     The USPTO issued a registration for the DISCOUNT TIRE DIRECT mark on July 23, 2002, in connection with "online retail ordering services, retail stores and mail order catalog services featuring automobile and light truck tires" (U.S. Reg. No. 2,597,123). A true and correct copy of U.S. Reg. No. 2,597,123 is attached as **Exhibit 2**.

37.     The DISCOUNT TIRE DIRECT registration is incontestable under Lanham Act § 15, 15 U.S.C. § 1065.

38.     On June 23, 2013, Mr. Halle filed an application for federal registration for just the word mark DISCOUNT TIRE (without any design or logo element), claiming first use in commerce on November 1, 1970. The application was based on Lanham Act § 2(f)

and supported by substantial evidence that the word mark had become distinctive for the goods and services involving the retail sale of automobile and light truck tires and wheels.

39.     The USPTO issued a registration on November 18, 2014 for the word mark DISCOUNT TIRE, for use in connection with "retail store services, namely, automobile and light truck tires and wheels" (U.S. Reg. No. 4,639,389). A true and correct copy of U.S. Reg. No. 4,639,389 is attached as **Exhibit 3**.

40.     The DISCOUNT TIRE registration is incontestable under Lanham Act § 15, 15 U.S.C. § 1065.

41.     Plaintiff has otherwise conclusively established exclusive rights in and to the DISCOUNT TIRE marks for its services. For example, in 2019, the District Court for the Northern District of Georgia agreed with the USPTO, finding the DISCOUNT TIRE word mark to be distinctive and enforceable. *See Reinalt-Thomas Corp. v. Mavis Tire Supply, LLC*, 391 F. Supp. 3d 1261, 1274, 1282 (N.D. Ga. 2019) (confirming validity of the DISCOUNT TIRE marks and granting preliminary injunction against defendant's use of confusingly similar "Mavis Discount Tire" mark).

42.     At all relevant times, Plaintiff has been either the exclusive licensee, or, more recently, the owner by assignment, of all federal, state, and common law rights in and to the DISCOUNT TIRE marks, including, without limitation, the rights associated with the above-referenced federal registrations.

**C.      Geographic Scope of Plaintiff's Rights**

43.      Plaintiff has established priority to using the DISCOUNT TIRE marks in the Mountain West and has a substantial presence there, including in Wyoming, Colorado, Arizona, Idaho, Montana, New Mexico, Nevada, and Utah.

44.      Beginning at least in 1970, Plaintiff continued to rapidly expand throughout the Mountain West under the DISCOUNT TIRE marks, including opening stores in Arizona in 1970, in Colorado in 1980, in New Mexico and in Nevada in 1982, in Utah in 1985, in Idaho in 2009, in Wyoming in 2010, and in Montana in 2015.

45.      As a result, Plaintiff has been *the* premier tire and wheel retailer in the Mountain West for nearly half a century.

46.      In all states where Plaintiff has used the DISCOUNT TIRE marks, and especially in the Mountain West, Plaintiff has built substantial goodwill, with the result that Plaintiff's DISCOUNT TIRE marks are well-known, distinctive, strong, and famous.

**D.      Defendant's Use of a version of DISCOUNT TIRE**

47.      Defendant offers the same and/or substantially related goods and services as Plaintiff, *i.e.*, the sale of tires and wheels.

48.      Following Plaintiff's presence in the Wyoming market (and in particular Cheyenne), Defendant opened a store under the name "Discount Tire & Service" in Cheyenne, Wyoming.

49.     Defendant copied design elements of the DISCOUNT TIRE marks for use in Defendant's business—including the word DISCOUNT in red lettering above an oblong background containing the word TIRE in black and white—as shown in the following strikingly similar comparison:

| Plaintiff's Registered Design Mark | Defendant's Infringing Logo |
|---|---|
|  | |

50.     On its storefronts, Defendant copied design elements of the DISCOUNT TIRE marks, as depicted below:

Defendant's Cheyenne, Wyoming Store





*Compare* Plaintiff's Cheyenne, Wyoming Store

51.    Plaintiff did not give, and has never given, Defendant nor any of its predecessors in business permission to use its DISCOUNT TIRE marks for any reason.

**E.    Defendant's Assurances to Plaintiff, Willful Misconduct, and Unclean Hands**

52.    In July of 1998, after Plaintiff entered the Colorado market, Defendant opened a store in Colorado. The then in-house counsel for Plaintiff sent Defendant a letter notifying Defendant of Plaintiff's trademark rights and advising that possible action may be taken, inviting a response as to Defendant's intentions.

53.    Later in July of 1998, Defendant, through counsel, responded to Plaintiff's notice asserting, in part:

(a)    Plaintiff "does not have a legal right to request that [Defendant] change its name";

(b)    "The name 'Discount' is not protected, copyrightable *(sic)* or distinct enough to warrant registration protection"; and,

(c)    Defendant "*has no plan to begin a chain of businesses.*" (emphasis added)

54.    In 1998, despite decades of common law use establishing national priority, Plaintiff had not yet received a federal trademark registration for the DISCOUNT TIRE word mark and did not have stores located in close proximity to Defendant's then single store, let alone knowledge of the extent of Defendant's intended business operations or true expansion plans.

55.    Given this, and the remoteness of Defendant's lone store at the time from Plaintiff's Colorado stores, and Defendant's representations and assurances that it would not expand its business into a chain of stores, Plaintiff was not aware at that time of any substantial risk of consumer confusion significant enough for Plaintiff to take further action.

56.    Despite (a) Defendant's actual knowledge of Plaintiff's objections to Defendant's use of the DISCOUNT TIRE mark; (b) Plaintiff's federal trademark registration incorporating DISCOUNT TIRE into designs; (c) Plaintiff's prior common law rights in the DISCOUNT TIRE word mark; (d) Plaintiff's federal trademark registration for the standard character mark/word mark  DISCOUNT TIRE; and (e) Defendant's own assurances to Plaintiff that it would not create "a chain of businesses," Defendant expanded its unauthorized use of the DISCOUNT TIRE marks by opening a total of six stores under the name "Discount Tire & Service"—five in Colorado and one in Wyoming that is in particular proximity to Plaintiff's Cheyenne location.

57.     Notwithstanding Defendant's willful disregard for Plaintiff's rights and Defendant's break from its own assurances to Plaintiff, the existence of consumer confusion remained *de minimis* until recently.

58.     Over the last several weeks, reports of confusion began to increase significantly. As a result of the increased confusion, Plaintiff began an investigation into Defendant's conduct to determine the cause of such confusion.

59.     The investigation revealed that Defendant has now been willfully capitalizing off consumer confusion by retaining mistaken customers, rather than correcting the confusion. This conduct constitutes, among other things, unclean hands.

60.     For example, customers reported mistakenly traveling to one of Defendant's stores, despite having made an appointment for service at one of Plaintiff's stores. Rather than redirecting the costumer to Plaintiff, Defendant tried to retain one or more mistaken customers.

61.     The recent investigation also revealed a substantial number of customers in Wyoming and elsewhere mistakenly believing Plaintiff and Defendant were affiliated. For example, multiple of Plaintiff's customers in Cheyenne, Wyoming, when told that Plaintiff did not have a specific product in stock, asked if Plaintiff's "other store" or "store on Nationway" had the product in stock. Plaintiff operates a store in Cheyenne, Wyoming on Nationway as does Defendant. These customers mistakenly believed Defendant's store in Cheyenne, Wyoming was affiliated with Plaintiff.

14

62.     The recent investigation also revealed a substantial number of customers calling Plaintiff's stores in Cheyenne, Wyoming and elsewhere to specifically ask if Plaintiff and Defendant are affiliated. Many of these customers cited confusion due to the significant similarities between Plaintiff's (federally registered) DISCOUNT TIRE store name and Defendant's "Discount Tire & Service" store name. Customers also recently cited confusion arising out of the similarities between Plaintiff's and Defendant's storefront appearances.

63.     On information and belief, this evidence is only a limited subset of the evidence demonstrating the recent, ongoing, and regular consumer confusion, which will irreparably harm Plaintiff's goodwill and reputation associated with the DISCOUNT TIRE marks.

64.     Plaintiff's recent investigation also revealed consumers perceive Defendant's goods and services to be decidedly lower in quality than those of Plaintiff. In light of recent customer confusion, the subpar quality of Defendant's goods and services results in a substantial risk of irreparable harm to Plaintiff's goodwill and reputation associated with the DISCOUNT TIRE marks.

## COUNT ONE
### Federal Trademark Infringement
### (Lanham Act § 32)

65.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

66.     At all relevant times, Plaintiff has been the exclusive licensee or, more recently, the owner of all federal, state, and common law rights in and to all DISCOUNT TIRE marks, including the rights associated with the above-referenced U.S. Reg. No. 1,319,968, U.S. Reg. No. 4,639,389, and U.S. Reg. No. 2,597,123.

67.     Defendant's unauthorized use of DISCOUNT TIRE as a trademark component of "Discount Tire & Service" for competing goods is likely to cause confusion, or mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff.

68.     Defendant is likely to continue to cause confusion and mistake in Wyoming and elsewhere where Plaintiff has done business under its DISCOUNT TIRE marks for several years and where consumers perceive Plaintiff's DISCOUNT TIRE marks as distinctive, well known and famous.

69.     Defendant has acted willfully and deliberately and with full knowledge of Plaintiff's rights in the DISCOUNT TIRE marks.

70.     Plaintiff has been and continues to be irreparably damaged by Defendant's actions; Plaintiff has no adequate remedy at law.

71.     Unless this Court enjoins Defendant's unlawful use of "Discount Tire & Service," Defendant's unlawful actions will continue to injure the public and cause Plaintiff irreparable harm.

72.     Defendant's intentional and bad faith actions render this an exceptional case and entitles Plaintiff to treble damages and attorneys' fees under Lanham Act § 35(a), 15 U.S.C. § 1117.

**COUNT TWO**
**Unfair Competition**
**(Lanham Act § 43(a))**

73.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

74.     At all relevant times, Plaintiff has been the exclusive licensee or, more recently, the owner, of all federal, state, and common law rights, registered and unregistered, in and to the DISCOUNT TIRE marks.

75.     Defendant's unauthorized use of DISCOUNT TIRE as a trademark component of DISCOUNT TIRE & SERVICE to advertise and sell directly competing goods is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff.

76.     Defendant's unauthorized use of 'Discount Tire & Service" to advertise and sell directly competing goods and services is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant's goods or services

with Plaintiff or its DISCOUNT TIRE marks, or as to the origin, sponsorship or approval of Defendant's goods or services.

77.     Defendant has acted willfully and deliberately and with full knowledge of Plaintiff's rights in the DISCOUNT TIRE marks.

78.     Plaintiff has been and continues to be irreparably damaged by Defendant's actions; Plaintiff has no adequate remedy at law.

79.     Unless this Court enjoins Defendant's unlawful use of "Discount Tire & Service," Defendant's unlawful actions will continue to injure the public and cause Plaintiff irreparable harm.

80.     Defendant's intentional and bad faith actions render this an exceptional case and entitles Plaintiff to treble damages and attorneys' fees under Lanham Act § 35(a), 15 U.S.C. § 1117.

## COUNT THREE
### Trademark Infringement
### (Wyo. Stat. § 40-1-101 *et seq.*)

81.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

82.     In addition to its federally registered rights in the DISCOUNT TIRE marks, Plaintiff has common law rights in the DISCOUNT TIRE marks in Wyoming and throughout the market zones where it is doing business.

83.     Defendant's use of "Discount Tire & Service" is likely to cause confusion and mistake as to the source or origin of Defendant's goods and services or to be confused or mistaken for an affiliation with Plaintiff.

84.     Defendant has acted, and continues to act, willfully, deliberately, and with full knowledge of Plaintiff's use of and common law rights to the DISCOUNT TIRE marks and without regard to the likelihood of confusion of the public created by Defendant's actions.

85.     Plaintiff has been and continues to be irreparably damaged by Defendant's actions; Plaintiff has no adequate remedy at law.

86.     Unless this Court enjoins Defendant's unlawful use of "Discount Tire & Service," Defendant's unlawful actions will continue to injure the public and cause Plaintiff irreparable harm.

## **COUNT FOUR**
### **Federal and Wyoming Common Law Unfair Competition**

87.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

88.     In addition to its federally registered rights in the DISCOUNT TIRE marks, Plaintiff has common law rights in the DISCOUNT TIRE marks in Wyoming and throughout the market zones where it is doing business.

89.     Defendant's use of "Discount Tire & Service" is likely to cause confusion and mistake as to the source or origin of Defendant's goods and services or to be confused or mistaken for an affiliation with Plaintiff.

90.     Defendant has acted, and continues to act willfully, deliberately, and with full knowledge of Plaintiff's use of and common law rights to the DISCOUNT TIRE marks and without regard to the likelihood of confusion of the public created by Defendant's actions.

91.     Plaintiff has been and continues to be irreparably damaged by Defendant's actions; Plaintiff has no adequate remedy at law.

92.     Unless this Court enjoins Defendant's unlawful use of "Discount Tire & Service," Defendant's unlawful actions will continue to injure the public and cause Plaintiff irreparable harm.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A.     Enter a judgement in favor of Plaintiff and against Defendant on all counts alleged in this Complaint;

B.      Enter an injunction enjoining Defendant, its officers, directors, employees, agents, licensees, attorneys, subsidiaries, and affiliate companies, successors, and assigns, and any and all persons in active concert or participation with any of them, from directly or indirectly:

1.      Using the DISCOUNT TIRE marks, including, without limitation, "Discount Tire & Service" or any other copy, reproduction, or colorable imitation or confusingly similar variation thereof, in connection with Defendant's goods and services in Wyoming, Colorado, and elsewhere;

2.      Engaging in any action suggesting or tending to suggest that any good or service promoted, advertised, distributed, or offered for sale by Defendant originates from or is directly or indirectly sponsored by, approved by, affiliated with, or connected with Plaintiff;

3.       Conveying the impression to the public through signage, domain names, displays, advertising, packaging, or otherwise that any good or service offered by Defendant originates from or is directly or indirectly sponsored by, approved by, affiliated with, or connected with Plaintiff;

4.      Using any trademark, service mark, trade dress, name, logo, design, source designation of any kind on or in connection with Defendant's

good and services that dilutes or is likely to dilute the distinctiveness of Plaintiff's DISCOUNT TIRE marks; and

5.      Registering or using, in any manner, any domain name that incorporates the letter string "discounttire" or common misspellings thereof;

C.      Award Plaintiff its actual damages, including lost revenue, a reasonable royalty, and/or the cost of corrective advertising;

D.      Enter an order requiring Defendant to account for and disgorge  all profits made by Defendant as a result of Defendant's unlawful actions;

E.      Award Plaintiff its costs of for this action and reasonable attorneys' fees;

F.      Based on Defendant's willful and deliberate conduct, award Plaintiff treble damages and an enhancement of Defendant's profits pursuant to 15 U.S.C. §1117;

G.      Award Plaintiff the cost of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. §1117 and the state statutes cited in this Complaint;

H.      Based on Defendant's willful, wanton, intentional, malicious, and bad faith actions, which were done with specific intent to cause harm to Plaintiff, award Plaintiff punitive damages, in an amount sufficient to punish, penalize and deter;

I.      Award Plaintiff pre-judgment and post-judgment interest;

J.      Enter an order requiring Defendant to file with the Court and serve upon Plaintiff a written report under oath setting out in detail the manner and form in which

Defendant has complied with the injunction and judgment within 30 days after the service of the injunction and judgment on Defendant; and

K.      Award Plaintiff such other and further relief as this Court deems just and proper.

Dated: December 19, 2023

Respectfully submitted,

/s/ *Theodore J. Hartl*
Theodore J. Hartl, #7-5623
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, CO 80202
Telephone: (303) 292-2400
Facsimile: (303) 296-3956
Email: hartlt@ballardspahr.com

Brian W. LaCorte (*pro hac vice* forthcoming)
lacorteb@ballardspahr.com
Jonathon A. Talcott (*pro hac vice* forthcoming)
talcottj@ballardspahr.com
Andrew M. Hensley (*pro hac vice* forthcoming)
hensleyd@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004
Telephone: 602.798.5400
Fax: 602.798.5595

*Attorneys for Plaintiff The Reinalt-Thomas Corp.*